# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0753V
(not to be published)

|  |  |
|---|---|
| AGNES JOHNS, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: November 15, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Jessica Anne Olins, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 7, 2017, Agnes Johns ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") casually related to the influenza vaccination she received on September 17, 2014. (Petition at 1, ¶¶ 1, 8). On August 2, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 49).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 3, 2019, (ECF No. 52), requesting a total award of $25,118.47 (representing $23,713.00 in fees and $1,405.47 in costs). Petitioner also incurred attorney's fees and costs with prior attorney Coughlin & Gerhart, LLP, in the amount of $1,756.57. In accordance with General Order #9, Petitioner's counsel filed a signed statement stating Petitioner incurred no out-of-pocket expenses. (ECF No. 52-4). Respondent reacted to the motion on October 16, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No.53). On October 23, 2019, Petitioner filed a reply. (ECF No. 54). Petitioner disputes respondent's position that he has no role in resolving attorney's fees and costs and further reiterates his view that his attorney's fees and costs in this case are reasonable.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's motion for attorney's fees and costs. **I award the following:**

1. **A lump sum in the amount of $1,756.57, representing reimbursement for attorney's fees and costs in the form of a check payable to petitioner and the firm of Coughlin & Gerhart, LLP and**

2. **A lump sum in the amount of $25,118.47 representing reimbursement for attorney's fees and costs in the form of a check payable to Petitioner and counsel, Maglio Christopher & Toale, PA.**

3. **Petitioner requests both checks be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master